People v Golson-Orelus (2019 NY Slip Op 08579)





People v Golson-Orelus


2019 NY Slip Op 08579


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-08767
 (Ind. No. 1196/15)

[*1]The People of the State of New York, respondent,
v
Joshua N. Golson-Orelus, appellant.


Judah Maltz, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy, Laurie K. Gibbons, and Donald Berk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered July 18, 2017, as amended August 1, 2017, convicting him of murder in the first degree, murder in the second degree, attempted robbery in the first degree (two counts), robbery in the first degree (nine counts), robbery in the second degree (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment, as amended, is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342).
The defendant's contention that the Supreme Court should have suppressed his statements to the police as having been obtained from an arrest in violation of Payton v New York (445 US 573) is without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court